KENNETH AUSTIN BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 16972-87.
United States Tax Court
T.C. Memo 1989-89; 1989 Tax Ct. Memo LEXIS 78; 56 T.C.M. (CCH) 1388; T.C.M. (RIA) 89089; February 28, 1989. *78 Held: Civil Service disability retirement pension is includable in income for Federal income tax purposes. Petitioner's liability for additions to tax under sections 6651(a)(1), 6653(a), 6653(a)(1), and 6654(a) redetermined. Kenneth Austin Brown, pro se. Ruud L. DuVall, for the respondent. MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined deficiencies and additions to tax against petitioner for the years and in the amounts as follows: Additions to Tax
[1] Section [2] Section Section
Year
Deficiency
6651(a)(1)
6653(a)
6654(a)
1978
$ 1,128
$ 282.00
$56.40
$ 36.01 1979
1,277
319.25
63.85
53.58
1980
1,561
390.25
78.05
99.66
1981
1,850
462.50
92.50
142.12
1982
1,899
474.75
94.95
185.24
The issues for decision are whether petitioner's Civil *79 Service disability retirement pension is taxable and whether petitioner is liable for the additions to tax. FINDINGS OF FACT Some of the facts have been stipulated and they are so found. At the time of filing the petition petitioner resided in Hyattsville, Maryland. Petitioner did not file any income tax returns for the years 1978 through 1982. During each of those years he received a Civil Service disability retirement pension (Annuity Payments) in gradually increasing amounts from $ 9,588 in 1978 to $ 14,112 in 1982. During some of these years petitioner earned some income from tutoring activities although his expenses associated with these activities exceeded his gross income. The amounts of gross income so earned and expenses were not determined by respondent and included in the statutory notice which only determines the amounts of the Annuity Payments in each year (and additions to tax). We assume for purposes of this case that the gross earnings from tutoring were negligible and, without the Annuity Payments, did not require the filing of Federal income tax returns. Petitioner formerly worked for the Maritime Administration. His disability retirement on the basis of emotional *80 problems resulting in high blood pressure was granted in 1973, retroactive to July 1971. During his exit interview, conducted by an employee of the United States Civil Service Commission, petitioner was informed that the Annuity Payments were not taxable for Federal income tax purposes. Petitioner was before this Court on a prior occasion which involved net losses claimed on his 1972, 1973, and 1974 Federal income tax returns which were carried back to the years 1969, 1970, and 1971. The opinion, which we judicially notice, is reported in T.C. Memo. 1979-434. We found in that case that petitioner commenced tutoring students on a one-on-one basis starting approximately in 1963 and continuing through the years there before the Court. We further found that in late 1971 petitioner was placed on leave without pay due to extended illness and commenced to receive Civil Service disability retirement annuity payments in the amount of $ 680 per month in 1973. Petitioner then suffered from hypertension and his health had deteriorated since 1967 and throughout the years here in issue. During the years 1978 through 1982, petitioner continued his tutoring business, working approximately 2 hours *81 per day. In certain prior years, petitioner filed Federal income tax returns showing net losses in order to carry those losses back to earlier years. For 1975 through 1977 petitioner had an employee for whom he had to pay Social Security taxes and for that reason he filed Forms 1040. In the course of the prior audit which resulted in our Memorandum Opinion noted above, respondent's agents and the docket attorney who tried the case were all aware of the fact that petitioner was retired on disability and had been receiving Annuity Payments since 1973 but retroactive to 1971, and was not reporting the Annuity Payments for Federal income tax purposes. Moreover, during the period between 1974 and 1983, on more than one occasion a revenue agent conducted a field audit of petitioner and on each such occasion inquired of petitioner as to large monthly deposits in petitioner's bank account. Petitioner responded each time by explaining that such deposits reflected his receipt of nontaxable Annuity Payments. The agents accepted this explanation without further inquiry and did not suggest or state that such payments were taxable income or that they required the filing of tax returns. In *82 addition on several occasions respondent mailed to petitioner inquiries on Form 4901 as to petitioner's reason for failing to file an income tax return. Petitioner returned the forms to respondent after checking the box intended to reflect the fact that the taxpayer was not liable for filing a return and in the explanation box stated that his income consisted only of these Annuity Payments. No tax returns were demanded of petitioner on those occasions. Until the audit resulting in the deficiency in this case, the statutory notice being dated March 20, 1987, none of respondent's agents or attorneys ever questioned the taxability of these Annuity Payments even though it was well known that petitioner had not included the payments in taxable income. [3] *83 For the years in issue petitioner reasonably relied on the inaction of respondent's agents as reflecting their concurrence in petitioner's understanding that the Annuity Payments were nontaxable. OPINION Petitioner's principal contention appears to be that respondent should be equitably estopped from requiring the Annuity Payments to be taken into income by reason of having knowingly allowed petitioner to exclude the payments from income in the prior audit. It is well established, however, that the acceptance of a prior return does not preclude respondent from raising an issue in a later return. Ekren v. Commissioner,T.C. Memo. 1986-509; Herman v. Commissioner,T.C. Memo. 1979-30, affd. without published opinion 612 F.2d 572 (3d Cir. 1979); see, e.g., Automobile Club of Michigan v. Commissioner,353 U.S. 180 (1957). Although petitioner has not seriously argued in this case that the Annuity Payments are not taxable income, and the record in this case contains very little information as to the official cause of petitioner's retirement and of the awarding of what has been stipulated to be a "Civil Service Disability Retirement Pension," we think it appropriate to comment that under *84 the applicable case law there is little doubt that these payments are includable in income for Federal income tax purposes. In our prior opinion in this case (T.C. Memo. 1979-434), we described petitioner's disability income as a "U.S. Civil Service Disability Retirement Annuity." We think it safe to assume that these Annuity Payments were paid to petitioner from the Civil Service Retirement and Disability Fund. Section 104(a)(1), excludes from income workmen's compensation payments and section 104(a)(4) excludes from gross income "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country or in the Coast and Geodetic Survey or the Public Health Service." Neither provision is applicable. By the same token subsections (a), (b), (c), and (e) of section 105 are inapplicable to petitioner's Annuity income. Section 105(d) as amended by the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1520, 1566, section 505(a), for post-1976 years, is applicable only when the employee is absent from work because of permanent and total disability. Although petitioner is at least partially disabled, *85 he testified that during this entire period he was working approximately 2 hours per day. That does not constitute permanent and total disability. Respondent's determination in the statutory notice is correct. Wham v. Commissioner,T.C. Memo. 1985-625, affd. without published opinion 812 F.2d 1402 (4th Cir. 1987). Also in controversy in this case are additions to tax under section 6651(a)(1) for failure to file returns, under section 6653(a) (for the years 1981 and 1982 under section 6653(a)(1)) for negligence or intentional disregard of the rules and regulations, and under section 6654(a) for failure to pay estimated income tax. The burden of proof is upon petitioner. Rule 142. The issue with respect to the section 6551(a)(1) addition is whether petitioner comes within the exception in that section which relieves a taxpayer from this addition where "it is shown that such failure is due to reasonable cause and not due to willful neglect." Petitioner has sufficiently demonstrated, and we have found, that during audits of the prior years and as a result of written inquiries as to the cause of his failure to file returns, respondent's agents and attorneys knew that petitioner was *86 receiving the Annuity Payments and that he was not reporting this income for Federal income tax purposes. Until the audit of these years commenced, no officer or employee of respondent had stated to petitioner that these payments were taxable although they knew petitioner was treating the payments as nontaxable. Respondent's failure to act over a period of years when fully informed as to the facts is tantamount to the giving of erroneous advice. While respondent is not bound by the erroneous advice of his revenue agents, it was reasonable for petitioner to rely on the inference drawn from the inaction of the agents that he was correct in failing to file tax returns for the years before us. In H. Fort Flowers Foundation, Inc. v. Commissioner,72 T.C. 399 (1979), the auditing agent erroneously wrote to the Foundation to acknowledge that no foundation tax was due, although the Foundation had failed to file Forms 4720 for the years audited. In reliance on the acceptance of the information forms filed, the Foundation did not file Forms 4720 for later years. We concluded that the Foundation had reasonable cause for failing to file the returns. Our Court-reviewed decision in Hugh Smith, Inc. v. Commissioner,8 T.C. 660, 677 (1947), *87 is also in point. There we said: With all the facts before the revenue agent and the petitioner alike at the time the agent made his report on petitioner's income for 1934 and the agent, presumably an expert, obviously holding the view that no cause whatsoever existed for holding petitioner liable for personal holding company tax for that year, it would seem that petitioner would be justified in holding the same view, and, that consequently, it had reasonable cause for not filing personal holding company returns for that year * * *. United States v. Boyle,469 U.S. 241 (1985), does not require a contrary result. Boyle recognizes that a taxpayer may be excused from filing a tax return where he relies on the advice of a competent tax attorney or tax accountant. A revenue agent acting within the scope of his authority is also deemed to be a tax expert. See Hugh Smith, Inc. v. Commissioner, supra.
On this record we conclude that petitioner's failure to file tax returns was due to reasonable cause and not due to willful neglect. Petitioner is not liable for the additions to tax under section 6651(a)(1). We reach the same result with respect to the addition to tax under section 6653(a). *88 See, e.g., Gillis v. Commissioner,T.C. Memo. 1986-576. The rule is different, however, with respect to the addition to tax pursuant to section 6654(a). This addition is mandatory except where the taxpayer comes within one or more of the specific statutory exceptions. Petitioner has failed to establish that any of such exceptions are applicable here. Extenuating circumstances are not a basis for relief. Bagur v. Commissioner,66 T.C. 817, 824 (1976), remanded 603 F.2d 491 (5th Cir. 1979); Chilingirian v. Commissioner,T.C. Memo. 1986-463. Respondent's determination of the addition to tax under section 6654(a) is sustained. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Although the statutory notice describes these additions to tax as determined under section 6653(a)(1), the negligence addition in effect for the years 1978-1980 is governed by section 6653(a). For 1981 and 1982, no addition was determined under section 6653(a)(2).↩
3. In the second stipulation, respondent reserved an objection on the grounds of relevancy. The purpose of this supplemental stipulation appears to be to bring to our attention the fact that in the prior case respondent's agents and attorneys were aware that petitioner was treating the disability payments as nontaxable. Those facts bear on petitioner's liability for the additions to tax. Accordingly, respondent's objection is overruled.